UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| 2217 Flagler Place, LLC | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : Civil Action No. _____ |
| | : |
| Toorak Capital Partners, LLC | : |
|     Registered Agent | : |
|     The Corporation Trust Company | : |
|     820 Bear Tavern Road | : |
|     West Trenton, NJ 08628 | : |
| | : |
|     Defendant. | : |

## COMPLAINT

Plaintiff 2271 Flagler Place, LLC ("Flagler") hereby brings this action to against Defendant Toorak Capital Partners, LLC ("Toorak"), and alleges as follows:

## NATURE OF ACTION

1. This is an action arising from Defendant's violation of DC Act 23-328, which protects real estate borrowers from paying various fees and other costs incurred during the Covid-19 pandemic, and DC Code §28-3301, which declares that loans secured directly or indirectly by mortgage or deed of trust on residential real estate above 24% are unlawful.

## PARTIES

2. Plaintiff Flagler is a District based company engaged in the purchase of real estate.

3. Defendant Toorak is a company engaged in the business of lending, is not a national bank or federally chartered credit union, and is domiciled in New Jersey, and transacts business within the District.

1

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the parties are from diverse states and the amount of controversy exceeds $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 as Plaintiff resides in this district.

6. Venue is also proper in this district pursuant to 28 U.S.C. §1391 the underlying financial documents that give rise to this dispute contain a choice of law provision which explicitly states that the District of Columbia will be the venue to resolve disputes.

7. Venue is also proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the property that is subject of this action is situated.

## FACTS

8. On or about July 12, 2019, Flagler executed a promissory note secured by mortgage/deed of trust for 2271 Flagler Place in Washington, DC (the "Note") in the original principal amount of $892,750.00.

9. The Note was personally guaranteed on or about the same date by Yvette Freeman.

10. Ms. Freeman is a member of Flagler.

11. The Note was originated by Patch of Land Lending, a California based lender.

12. The original interest rate under the note was 9.85%.

13. The note was subsequently sold to Defendant Toorak.

14. On or about July 14, 2020 Defendant Toorak wrote Ms. Freeman that the Note was delinquent "and is currently accruing late charges and default interest."

15. On or about August 3, 2020, Ms. Freeman noted that due to the Covid-19 pandemic, Plaintiff's business had been crippled and expressed a desire for Toorak and its loan servicer to work with her on a payment extension.

16. On or about August 4, 2020, in response to Defendant Toorak's email asking for the length of extension Plaintiff sought, Ms. Freeman responded with a request for a three-month extension.

17. On or about August 5, 2020 Toorak, through its financial servicer Cohen Financial, advised that it would allow an extension only after Flagler covered two missed payments that were due 6/1/2020 and 7/1/2020.

18. For each of these two payments, Toorak charged:  1) interest and fees of $7,327.99; 2) default interest of $10,527, and a late charge of $1,319.04.

19. On or about August 28, 2020, Defendant Toorak through counsel advised that Flagler was in default under the Note due to failure to timely make payments under the Note.

20. While not specified in its August 28, 2020 default letter, Defendant Toorak appears to have claimed that default was due to one missed interest payment, due June 1, 2020.

21. Indeed, just one day earlier, on or about August 27, 2020, another company – Special Service America, LLC ("SSA") – wrote Plaintiff Flagler that SSA owned the Note and claimed default due to one missed interest payment on June 1, 2020.

22. On or about December 17, 2020 Defendant Toorak, working in concert with SSA, sent Plaintiff Flagler a payoff quote.

23. The payoff quote listed the following alleged debts and fees owed by Plaintiff Flagler: $57,402.59 in accrued interest; $68,074.67 in accrued default interest; $500 for a primary servicing fee; $$2,2500 for a special servicing fee; $750 for legal review; $44,637.50 for late fees, $695 for a payoff preparation fee.

24. The default interest reflected in the payoff quote was a rate of 24% (9.85% + 14.15%) accruing from May 11, 2020 through December 21, 2020.

25. During May 11, 2020 through December 21, 2020 a public health emergency period declared by the Mayor existed.

26. Plaintiff Flagler ultimately paid all interest and fees claimed by Defendant Toorak for fear of the further imposition of unlawful fees and interest, and was financially harmed thereby.

27. Defendant Toorak's imposition and collection of default interest and other fees occurred during the public health emergency period declared by the Mayor violated the law.

### COUNT 1 – Violation of DC Act 23-328 §401

28. Plaintiff Flagler alleges all preceding allegations.

29. DC Act 23-328 §401 provides a number of protections for borrowers, including:

    a. A requirement that mortgage lenders develop a deferment program for borrowers that grants a 90-day payment deferment for borrower applicants;

    b. A waiver for "any late fee, processing fee, or any other fee accrued during the period of time for which the Mayor has declared a public health emergency pursuant to the Public Emergency Act."

30. Defendant Toorak failed to adhere to these requirements.

31. Plaintiff Flagler was financially harmed thereby.

### COUNT 2 – Violation of DC Code §26-905

32. Plaintiff realleges all preceding allegations.

33. DC Code §28-3301 provides that 24% is the maximum rate of interest for a first purchase mortgage or first purchase deed of trust on residential real property.

34. DC Code §26-905 broadly defines the rate of interest as including "all fees, expenses, demands, and services of every character, including notarial and recording fees and charges, except upon the foreclosure of the security."

35. To whatever extent Defendant Toorak foreclosed on the Note, it did so unlawfully by failing to adhere to the provisions of DC Act 23-328 §401.

36. As a result of Defendant Toorak's imposition of 24% interest and the inclusion of other fees associated with the Note, Defendant Toorak collected from Plaintiff Flagler a sum in excess of the lawful maximum interest allowable for a loan secured by a mortgage under DC Code §26-905.

37. As a result, Defendant Toorak is liable to forfeit all interest so contracted for or received; and in addition thereto shall forfeit to the borrower a sum of money, to be deducted from the amount due for principal, equal to one-fourth of the principal sum of the Note.

### COUNT 3 – Unjust Enrichment

38. Plaintiff Flagler realleges all preceding allegations.

39. Defendant Toorak unlawfully imposed and collected fees and interest during a public health emergency period declared by the Mayor.

40. As a result, Plaintiff has been financially harmed by Defendant Toorak's unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order:

A. Defendant to forfeit all interest so contracted for or received at a sum to be determined at trial, but no less than $174,309.76; and

B. Defendant to forfeit to the Flagler a sum of money, to be deducted from the amount due for principal, equal to one-fourth of the principal sum of the Note, which is not less than $223,187.50; and

C. Reasonable attorney's fees and costs; and

D. Any other such relief as this Court may deem proper and just.


Date:  February 15, 2021        Respectfully Submitted,


*/s/ Sheridan England*
Sheridan England
S.L. England, PLLC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(202) 759-2333
sheridan@slengland.com


## CERTIFICATE OF JUDICIAL SERVICE

I certify that this Complaint was served on ECF.

*/s/  Sheridan England*
Sheridan England, Esq.